971 So.2d 162 (2007)
STATE of Florida, Appellant,
v.
Robert M. GARDNER, Appellee.
No. 5D07-1187.
District Court of Appeal of Florida, Fifth District.
December 21, 2007.
Bill McCollum, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellee.
GRIFFIN, J.
The State of Florida appeals an order dismissing an information on the ground that the prosecution violated the terms of an earlier plea agreement with the defendant, Robert M. Gardner. Because we conclude that the State's plea agreement with Gardner was not violated, we reverse.
In January 2004, Gardner had entered a no-contest plea to three counts of lewd and lascivious molestation arising out of events occurring at Gardner's home. According to the allegations, when his own children would have friends over, he would participate in a game of "hide and seek" with them. He would sit in a chair and assist the "counter" to count while the other children hid. Allegedly, he would hold the "counter's" hand and would place their hands on his genitals. The record also contains indications of further conduct such as masturbation or oral contact by one or more of the children with the defendant's genitals.
Gardner entered into a plea agreement with the State pursuant to which he would plead no contest to three counts of lewd and lascivious molestation and the State would agree to a downward departure sentence of three years' imprisonment followed by community control and probation.
During the plea hearing, defense counsel made the statement that:
The State has also informed me that they know of no other cases in their office for consideration for filing and they know of no other from any law enforcement agency.
Counsel further stated:
Our concern is that he not tender a change of plea and then, while serving his sentence, additional offenses come up. And they have promised me that will not be the case based upon the information they have at this time or that they should be aware of.
During the sentencing, defense counsel reiterated this same point:

*164 It's our understanding, by the way, that pursuant to this plea, that there are no other charges pending or known by law enforcement or the State Attorney's Office that might arise later.
The defendant was sentenced on February 27, 2004.
One of the children who was a playmate in the group of children involved in the molestation on which the plea agreement was based had moved away from Kissimmee in July 2003. Some time after the move, the victim's parents learned of Gardner's arrest and the nature of the charges. The child's parents questioned her at the time, but she denied that she had been molested. On September 13, 2004, some seven months after Gardner had begun serving his sentence, the Kissimmee police received a call from the victim's father, reporting that she had just revealed that she also was a victim of similar acts of molestation.
On February 6, 2006, based upon information received by this new victim, the State charged Gardner in two counts, sexual battery and lewd or lascivious molestation of a minor. Gardner's motion to dismiss the information was based on his contention that he had a binding plea agreement with the State that precluded the State from bringing any further charges against him arising out of his activities with the neighborhood children. The trial court dismissed the information, finding that:
[T]he agreement, even though not worded as concretely as it could have been, contemplated that the plea resolved all cases resolving (sic) out of the contact with this defendant and the children the neighborhood children who came over and played hide and seek in his household with his children during the time period that these cases all arose.
He further found that:
[T]he defense has established that to the court's satisfaction by the preponderance of the evidence that that was the intent of the parties and that was Mr. Craner's and Mr. Gardner's reasonable understanding of the agreement. I think it was also, as best I can discern from the plea colloquy and the sentencing colloquy, it appears to have been Ms. DeYoung's. I may be wrong about that, but I believe in context that it was Ms. DeYoung's.
I find that the incident charged in Case CR06-461 is included within the plea agreement, is included among the cases that the State in exchange for the plea to the charges in CR04-461 (sic) and 03-1960 said they would not go forward with.
Although we are bound by the trial court's findings of fact concerning the intent of Gardner and his counsel, we review de novo the terms of the "plea agreement." Based upon what appears to be a remarkably consistent explication of the understanding between defense counsel and the State, we are dubious that there was an "agreement" concerning prosecution of additional cases at all, but if there was one, it did not preclude the prosecution of this case. Clearly, based on the expressions by defense counsel himself, at most the State agreed only that they would not prosecute Gardner for additional offenses based upon information that they had at the time or that they should be aware of. This is in contradiction to the trial court's finding that the agreement was that all cases arising out of the "hide and seek" incidents with the neighborhood girls were encompassed within the plea. The State merely agreed that it would not seek to prosecute any claims that they knew of or should *165 have been aware of. There is nothing in the record to suggest that the State had any knowledge of the molestation of the present victim, or that they should have been aware of it. The victim denied the molestation until several months after the defendant was sentenced. The State merely agreed that there was no one else that they either knew about or should know about. Since that manifestly is the essence of the agreement, unless there is evidence that they knew about this victim, or should have known about this victim, there is no basis to dismiss the information.
Accordingly, we reverse the order dismissing the information and remand to the trial court to reinstate the prosecution.
REVERSED and REMANDED.
PALMER, C.J. and SAWAYA, J., concur.